J-S47038-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSE M. MUNIZ, | : | |
| | : | |
| Appellant | : | No. 2169 MDA 2014 |

Appeal from the Judgment of Sentence October 14, 2014
in the Court of Common Pleas of Cumberland County,
Criminal Division, at No(s): CP-21-CR-0000903-2006

BEFORE:    ALLEN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED AUGUST 07, 2015**

Jose M. Muniz (Appellant) appeals from the judgment of sentence of four to fourteen months' imprisonment following his convictions for two counts of indecent assault.  Specifically, Appellant challenges the resulting lifetime registration required by the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41.  We affirm.

We begin by noting the following applicable law.

> On December 20, 2011, the legislature replaced Megan's Law with SORNA, effective December 20, 2012, to strengthen registration requirements for sex offenders and to bring Pennsylvania into compliance with the Adam Walsh Child Protection and Safety Act, 42 U.S.C.A. § 16901, *et seq*.  Section 9799.14 of SORNA establishes a three-tiered system of specifically enumerated offenses requiring registration for sexual offenders for differing lengths of time.  Pursuant to section 9799.15(a)(1), a person convicted of a Tier I offense… must register for 15 years.  A Tier II offender must register for 25

---

*Retired Senior Judge assigned to the Superior Court.

years, while a Tier III offender must register for the remainder of his or her life. 42 Pa.C.S. § 9799.15(a)(2), (a)(3).

***Commonwealth v. McDonough***, 96 A.3d 1067, 1070 (Pa. Super. 2014) (some citations omitted).

Appellant was convicted in 2007, but did not appear for the scheduled sentencing and remained a fugitive for years. He finally was sentenced on October 14, 2014. Because Appellant was convicted of indecent assault of a person less than 13 years of age under 18 Pa.C.S. § 3126(a)(7), he was informed at sentencing that his conviction of a Tier III offense required lifetime registration under SORNA.[1]

Appellant timely filed a post-sentence motion seeking the imposition of the ten-year registration requirement applicable at the time of his conviction rather than the lifetime registration requirement in effect at the time of sentencing. The trial court denied the motion, and Appellant timely filed a notice of appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following question for our review: "Was the sentencing court in error when it denied Appellant's motion to find 42 Pa.C.S. § 9799.14 unconstitutional under the federal and state constitutions. As applied retroactively, ordering Appellant to comply with the registration,

---

[1] ***See*** 42 Pa.C.S. § 9799.14(d)(8) (listing 18 Pa.C.S. § 1326(a)(7) among Tier III offenses).

notification, and reporting requirements for the duration of the Appellant's lifetime, rather than ten years?" Appellant's Brief at 5 (unnecessary capitalization and repetition of quantity in numeral form omitted).

Appellant argues that retroactive application of SORNA violates three distinct constitutional provisions: (1) the federal *ex post facto* clause, United States Constitution, U.S. Const. Art. I, § 10; (2) the state *ex post facto* clause, Pa. Const. Art. I, § 17; and (3) the reputation clause of the Pennsylvania Constitution, Pa. Const. Art. I, § 1.[2] *See* Appellant's Brief at 9-24, 25-28, and 8, respectively.

This Court has held that "the new registration regime pursuant to SORNA is constitutional under the Federal and State *Ex Post Facto* Clauses." *Commonwealth v. Perez*, 97 A.3d 747, 760 (Pa. Super. 2014). Accordingly, Appellant's first two arguments entitle him to no relief for the reasons stated in *Perez*. *See id.* at 759-60 (holding that the balancing of the seven factors provided in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144 (1963), does not show that the provisions of SORNA are sufficiently punitive to overcome the General Assembly's categorization of them as non-punitive).

Appellant's remaining claim of error, regarding the reputation clause of the Pennsylvania Constitution, was not raised in his post-sentence motion.

---

[2] "All men … have certain inherent and indefeasible rights, among which are those of … protecting property and reputation…." Pa. Const. Art. I, § 1.

Accordingly, Appellant's final issue is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015